## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| BRENT DIGGS<br>4726 Darrah Street<br>Philadelphia, PA 19124 | : <br> : <br> : <br> : | CIVIL ACTION <br><br> NO.: _____ |
| Plaintiff, | : <br> : | |
| v. | : <br> : | |
| FERROSOURCE, LLC<br>60-62 Vincent Circle<br>Ivyland, PA 18974<br>      and<br>JOHN PITTMAN<br>60-62 Vincent Circle<br>Ivyland, PA 18974 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendants. | : <br> : | |

## CIVIL ACTION COMPLAINT

Brent Diggs (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Ferrosource, LLC and John Pittman (hereinafter collectively referred to as "Defendants") of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq*.), the Pennsylvania Human Relations Act ("PHRA"), and Pennsylvania wage law.[1]  As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission ("PHRC").

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.     This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.     Plaintiff filed Charges of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charges with the Pennsylvania Human Relations Commission ("PHRC").  Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charges with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving right-to-sue letters from the EEOC.

## PARTIES

6.     The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7.     Plaintiff is an adult who resides at the above-captioned address.

2

8. Ferrosource, LLC (hereinafter individually referred to as "Defendant Ferrosource") is a global procurement and distribution company focused on supply chain and risk management in ferrous metals markets, located at the above-captioned address.

9. Upon information and belief, John Pittman (hereinafter "Defendant Pittman"), Operations Manager for Defendant Ferrosource, is a high-level manager and decision maker concerning terms and conditions of employment for employees (including Plaintiff) of Defendant Ferrosource, including but not limited to overall hiring, firing, discipline, compensation, and other business operations (among other duties).

10. At all times relevant herein, Defendants acted through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

12. Plaintiff was employed by Defendants for approximately 3.5 years, from in or about June of 2022, until his unlawful termination (discussed further *infra*) on or about October 23, 2025.

13. Plaintiff was employed as a material handler/machine operator for Defendants' above-captioned processing facility located in Ivyland, Pennsylvania.

14. Plaintiff was primarily supervised by Operations Manager, John Pittman (Caucasian, hereinafter "Pittman").

15. Throughout Plaintiff's tenure with Defendants, he was a very hard-working employee who performed his job well.

### -Race Discrimination and Sexually Harassing Hostile Work Environment-

16. Plaintiff is a Black (African American) male.

17.    Throughout the majority of his employment with Defendants and increasing with the last several months leading up to his unlawful termination (discussed further *infra*), Defendant Pittman subjected Plaintiff to disparate and discriminatory treatment as a result of his race, as well as severe and pervasive sexually harassing, offensive, and unwelcomed comments/behavior/touching.  For example, but not intended to be an exhaustive list, Defendant Pittman:

   a.   Regularly called Plaintiff racial slurs, including calling him "nigger" in front of his co-workers;

   b.   Spoke to Plaintiff and treated him in a derogatory and demeaning way, unlike his Caucasian co-workers as a result of his race;

   c.   Gave him less favorable and more tedious jobs than his Caucasian co-workers;

   d.   ***Informed Plaintiff in front of his co-workers that he was going to knock him out, rape him, and record it***;

   e.   Would lick his tongue and straw while drinking and staring suggestively at Plaintiff;

   f.    Asked Plaintiff and his co-workers if they wanted to play "gay" and "bi-sexual" games because they were "the funnest games";

   g.   Informed Plaintiff that he would stick his hand up Plaintiff ass;

   h.   Would talk about penis size, including telling Plaintiff that he couldn't "do anything with that little thing" – in reference to Plaintiff's penis, making Plaintiff afraid to go to the bathroom at work for fear that Defendant Pittman would be looking at or was looking at Plaintiff penis; and

i.  In close proximity to Plaintiff's termination either slapped or kicked his butt with his boot when Plaintiff was bent over (Plaintiff only saw him behind him but not how he directly contacted Plaintiff's butt).

18.  Defendant Pittman made sexually harassing, offensive, and unwelcomed comments and racial slurs such as these several times a month during Plaintiff's tenure with Defendants.

19.  Plaintiff did his best throughout his tenure with Defendant to ignore Defendant Pittman's sexually harassing advances, violent threats of rape, and racial slurs, as he was very fearful of losing his job, and Defendant Pittman led Plaintiff to believe that he was the only member of management that Plaintiff could report to.[2]

20.  But Plaintiff clearly showed his discomfort through his body language and complaints, including telling Defendant Pittman to repeatedly "stop" calling him a "nigger" and sexually harassing him, but Defendant Pittman would simply laugh and walk away.

21.  Following Defendant Pittman slapping and/or kicking his butt, in or about September of 2025, Plaintiff attempted to reach out to Human Resources ("HR") for Defendants, but he was initially unsure who HR was and requested information from Defendant Pittman.

---

[2] Several Courts of Appeals have held that where the alleged harasser is sufficiently high ranking in the company so as to be considered an "alter-ego" or "proxy" of the employer, liability is automatic and the Faragher/Ellerth defense is unavailable. *See Townsend v. Benjamin Enters.*, 679 F.3d 41, 44 (2d Cir. 2011) ("Courts of Appeals have considered supervisors to be of sufficiently high rank to qualify as an employer's proxy or alter ego when the supervisor is a president, owner, proprietor, partner, corporate officer, or otherwise highly-positioned in the management hierarchy."); *Johnson v. West*, 218 F.3d 725, 730 (7th Cir. 2000) (same); *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 516 (9th Cir. 2000) (same); *Mallinson-Montague v. Pocrnick*, 224 F.3d 1224, 1232 (10th Cir. 2000) (same); *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 152 n.8 (3d Cir. 1999) (recognizing existence of alter-ego theory of liability); *Torres v. Pisano*, 116 F.3d 25, 634-635, and n. 11 (2d Cir.) (same), cert. denied, 522 U.S. 997, 118 S. Ct. 563, (1997); *Burns v. McGregor Electronic Industries, Inc.*, 955 F.2d 559, 564 (8th Cir. 1992) (same); *Katz v. Dole*, 709 F.2d 251, 255 (4th Cir. 1983) ("Except in situations where a proprietor, partner or corporate officer participates personally in the harassing behavior," an employee must "demonstrat[e] the propriety of holding the employer liable"). In other words, victims of sexual harassment are not required to complain to management where the employer, principal, or owner, and not a coworker or supervisor, is the harasser because the court infers that the employer was, or should have been, aware of the sexual harassment. *See also EEOC v. Bryan C. Donohue, M.D., P.C.*, 2011 U.S. Dist. LEXIS 113093, at *69 (M.D. Pa. Sept. 30, 2011); *EEOC v. Robert L. Reeves & Assocs.*, 2003 U.S. Dist. LEXIS 24701, *28 (C.D. Calif. 2003).

5

22.     Plaintiff was then subjected to increased hostility, animosity, and retaliation for reporting Defendant Pittman for his discriminatory and severe and pervasive sexually harassing treatment of Plaintiff.

23.     For example, Defendant Pittman began to overload Plaintiff with work, requiring him to do other employees' work along with his own as punishment and treated Plaintiff in an even more hostile and demeaning way.

24.     Plaintiff was then abruptly terminated on or about October 23, 2025, without being provided with any reason as to why.

25.     There is no doubt that Plaintiff was terminated because of his race and his objections to/complaints of discrimination and the sexual harassment he was being subjected to by Defendant Pittman to management, including directly to Pittman, as well as for rejecting Pittman's advances toward him.

26.     Plaintiff believes and therefore avers that he was subjected to a discrimination, a sexually harassing severe and pervasive hostile work environment, and retaliation, as a result of his race and his objections to/complaints of race discrimination and severe and pervasive sexual harassment.

27.     Plaintiff also believes and therefore avers that his race was a motivating and/or determinative factor in the termination of his employment by Defendants.

### -Wage Violations (Failure to Pay All Wages)-

28.     In addition to subjecting Plaintiff to race discrimination, severe and pervasive sexual harassment, and retaliation, Defendants failed to properly compensate Plaintiff for all wages he earned in violation of Pennsylvania wage law(s).

29. Upon Plaintiff's hire, Defendants agreed to pay Plaintiff at a rate of $18.00 per hour, with a $2.00 increase upon Plaintiff's 90th day of work.

30. However, instead of providing Plaintiff with his promised $2.00 increase, Defendants gave Plaintiff a mere $1.00 increase several months after his 90th day of employment.

31. Moreover, Defendants never provided Plaintiff with any retroactive payments for failing to properly pay Plaintiff the increased salary of $20.00 following his 90th day of employment.

32. Also, upon his hire, Plaintiff was initially compensated at a rate of $25.00 per truck completed, which was then altered in 2023 to $100.00 per ton of every truck completed for Defendants.

33. Despite performing the agreed upon work for Defendants with regard to bonus compensation, Defendants regularly, improperly, and arbitrarily reduced the amount of several bonuses that Plaintiff and other employees were compensated even though they properly earned the same.

34. For example, during one time period, Plaintiff cleared 10 tons of material, and instead of being compensated at $100 a ton (or $1,000), Plaintiff only received a bonus of approximately $350 without being provided with any legitimate reason as to why.

35. Plaintiff complained to Defendant Pittman that he was not properly being compensated for all hours/wages he earned during his employment with Defendants, but his concerns were largely ignored.

36. Plaintiff was then terminated on or about October 23, 2025.

37. Following his termination, Defendants failed to pay Plaintiff for the last bonus he had earned prior to his termination.

38.     These actions as aforesaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

**COUNT I**
**Violations of 42 U.S.C. Section 1981**
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**
**-Against Both Defendants-**

39.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.     During Plaintiff's employment with Defendants, he was subjected to discrimination, offensive racial slurs, retaliation, and a hostile work environment through disparate treatment as outlined *supra* because of his race.

41.     Plaintiff objected to/complained of the aforementioned instances of race discrimination and disparate treatment by Defendants' management, but his concerns were ignored.

42.     Plaintiff was then terminated for completely pretextual reasons on or about October 23, 2025.

43.     Plaintiff believes and therefore avers that he was subjected to a hostile work environment and retaliation because of his race and his objections to/complaints of race discrimination.

44.     Plaintiff also believes and therefore avers that but for his race, he would not have been terminated from his employment by Defendants.

45.     These actions as aforesaid constitute violations of Section 1981.

**COUNT II**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Race Discrimination; [2] Retaliation; and [3] Hostile Work Environment)**
**-Against Defendant Ferrosource Only-**

46.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47.    During Plaintiff's employment with Defendant Ferrosource, he was subjected to discrimination, retaliation, offensive slurs, and a hostile work environment through disparate treatment as outlined *supra* because of his race.

48.    Plaintiff objected to/complained of the aforementioned instances of race discrimination and disparate treatment by Defendant Ferrosource's management, but his concerns were ignored.

49.    Plaintiff was then terminated for completely pretextual reasons on or about October 23, 2025.

50.    Plaintiff believes and therefore avers that he was subjected to a hostile work environment and retaliation because of his race and his objections to/complaints of race discrimination.

51.    Plaintiff also believes and therefore avers that his race was a motivating and/or determinative factor in the termination of his employment by Defendant Ferrosource.

52.    These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII.

**COUNT III**
**Violations of Title VII**
**([1] Sexual Harassment/Hostile Work Environment; and [2] Retaliation)**
**-Against Defendant Ferrosource Only-**

53.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54.     During his tenure with Defendant Ferrosource, Plaintiff was subjected to severe and pervasive sexual comments, treatment, and touching by Defendant Pittman, his direct manager, such that he was subjected to a hostile work environment.

55.     Defendant Pittman's harassment of Plaintiff interfered with Plaintiff's work and, as a result, he was forced to object to said sexual harassment to Defendant Ferrosource's management, including his harasser, in advance of his termination.

56.     Despite Plaintiff's objections to/complaints of Defendant Pittman's sexual harassment, he continued to be subjected to severe and pervasive unwelcomed, offensive, and sexually harassing comments, touching, and treatment by Defendant Pittman.

57.     On or about October 23, 2025, in very close proximity to his complaints of severe and pervasive sexual harassment to Defendant Ferrosources's management, Plaintiff was abruptly terminated.

58.     Plaintiff believes and therefore avers that he was subjected to a severe and pervasive sexually harassing hostile work environment and was directly discharged for his objections to/complaints of sexual harassment (as discussed *supra*).

59.     As a direct result of the aforesaid unlawful severe and pervasive sexual harassment and hostile work environment employment practices engaged by Defendant Ferrosource in violation of Title VII, Plaintiff has suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

10

60.     These actions as aforesaid constitute unlawful retaliation under Title VII.

**COUNT IV**
**Violation of the Pennsylvania Wage Payment Collection Law ("WPCL")**
**(43 P.S. §§ 260.3(a)-(b))**
**-Against Both Defendants-**

61.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

62.     Plaintiff had an agreement with Defendants whereby Defendants agreed to compensate Plaintiff for services he performed during his employment with Defendants.

63.     Specifically, upon his hire Plaintiff was promised that he would receive a $2.00 raise when he hit the 90-day employment mark, but Plaintiff was only ever paid $1.00 more when he raised concerns about Defendants' failure to pay him all wages he had been promised and earned.  Moreover, Defendants never compensated Plaintiff for any retroactive pay he should have received following the 90-day mark.

64.     Plaintiff was also promised bonuses, initially per truck and then by ton (as set forth *supra*); however, Defendants' management routinely improperly reduced the amount of bonus payments he earned and did not pay him his full wages.

65.     Finally, Plaintiff was not compensated for or paid the last bonus he earned prior to his termination.

66.     Thus, Defendants failed to compensate Plaintiff for all wages owed during his employment with Defendants.

67.     Plaintiff performed the agreed-upon services for Defendants, and Defendants failed to properly compensate Plaintiff for the services rendered as specified by the Parties' employment agreement (included but not limited to paying Plaintiff for all wages he earned).

11

68.     These actions as aforesaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.      Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: June 29, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Brent Diggs | : | CIVIL ACTION |
| v. | : | |
| Ferrosource, LLC, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                   (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                      (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (x )

| | | |
|---|---|---|
| 6/29/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?     Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?     Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?     Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.     Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*                      **B.** *Diversity Jurisdiction Cases:*

| A. Federal Question Cases | B. Diversity Jurisdiction Cases |
|---|---|
| ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts) | ☐ 1. Insurance Contract and Other Contracts |
| ☐ 2. FELA | ☐ 2. Airplane Personal Injury |
| ☐ 3. Jones Act-Personal Injury | ☐ 3. Assault, Defamation |
| ☐ 4. Antitrust | ☐ 4. Marine Personal Injury |
| ☐ 5. Wage and Hour Class Action/Collective Action | ☐ 5. Motor Vehicle Personal Injury |
| ☐ 6. Patent | ☐ 6. Other Personal Injury (*Please specify*):_____ |
| ☐ 7. Copyright/Trademark | ☐ 7. Products Liability |
| ☐ 8. Employment | ☐ 8. All Other Diversity Cases: (*Please specify*)_____ |
| ☐ 9. Labor-Management Relations | |
| ☒ 10. Civil Rights | |
| ☐ 11. Habeas Corpus | |
| ☐ 12. Securities Cases | |
| ☐ 13. Social Security Review Cases | |
| ☐ 14. Qui Tam Cases | |
| ☐ 15. Cases Seeking Systemic Relief **\*see certification below\*** | |
| ☐ 16. All Other Federal Question Cases. (*Please specify*):_____ | |

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DIGGS, BRENT

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
FERROSOURCE, LLC, ET AL.

County of Residence of First Listed Defendant    Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**      **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane          ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product          Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability          ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &          Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander          Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'          Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability          ☐ 368 Asbestos Personal | | ☐ 835 Patent – Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine          Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product          Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability      **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle          ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle          ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability          ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal          Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury          ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury -          Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**      **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights      **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting          ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment          ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/          Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations          ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -          ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | mployment      **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities -          ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other          ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education          ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 1981 (42USC1981); Title VII (42USC2000)
Brief description of cause:
Violations of Section 1981, Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE    6/29/2026
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____